502 P.2d 1351

The STATE of Arizona, Appellee,

v.

Robert Bruce MOORE, Jr., Appellant.

No. 2270.

Supreme Court of Arizona,
In Division.

Nov. 22, 1972.

Rehearing Denied Jan. 2, 1973.

Gary K. Nelson, Atty. Gen., by Jerry C. Schmidt and William P. Dixon, Asst. Attys. Gen., Phoenix, for appellee.

Laber, Morrow, Lovallo & Colarich, by Joseph A. Lovallo, Tucson, for appellant.

HOLOHAN, Justice:

The appellant was tried by jury and convicted of the offenses of armed robbery and attempted murder. He was sentenced to confinement in the state prison, and he brings this appeal.

The first trial of appellant for the above offenses resulted in a mistrial, and it was at a second trial that the challenged conviction was obtained. The appellant does not urge that any reversible error was committed in the course of the second trial, and our review of the record satisfies us that there was no such error.

Appellant challenges his conviction on the basis that he should not have been tried a second time after the mistrial of his first trial. Essentially two questions are presented:

1. Does the absence of a court reporter at the time the events occur upon which a mistrial is based deny a defendant due process of law?

2. Does the record show any legally sufficient reasons for the declaration of a mistrial?

The initial prosecution of appellant began September 1, 1970 and lasted 12 days. The deliberation of the jury began at about 4:00 p. m. the afternoon of September 18, 1970, and it extended into the following day. At the beginning of the second day of deliberation the instructions were reread to the jury. Around 3:00 p. m. the second day the jury requested definitions of the terms "insanity," "psychosis" and "psychotic neurosis." These definitions were not given. Instead, the court ordered them to rely on the evidence and the use of the terms in the case. At approximately 4:50 p. m. of the second day of deliberation the trial judge called the

jury back to the courtroom. The trial judge asked the foreman if it would be possible to reach a verdict. The foreman expressed the opinion that the jury probably could not reach a verdict. The jury was reportedly deadlocked at eight to four. The trial judge inquired of the panel whether they thought a verdict could be reached, and only one juror expressed the belief that further deliberation would result in a verdict. The trial judge thereafter declared a mistrial.

The appellant argues that a retrial constitutes double jeopardy which is prohibited by the Fourteenth Amendment, citing Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Appellant recognizes that there are situations in which a jury can be dismissed without jeopardy attaching, and one of these occurs when the jury is unable to reach a verdict. The discretion to discharge the jury, appellant urges, may be exercised only in extraordinary and striking circumstances. Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963).

■ Appellant's threshold point is that there is no record from which this Court can review the question of whether the trial judge abused his discretion in the discharge of the jury. A court reporter was present throughout the trial, and a transcript has been prepared and filed, but the reporter was not present at any session after the jury began its deliberation. There is no stenographic transcript of the proceedings of September 19, 1970, the second day of deliberation and the day upon which the mistrial was declared. From this fact the appellant argues that there is no record, and he must be discharged. We do not agree.

■ The appellant was entitled to the presence of a court reporter at all sessions of the court. Rule 252, Rules of Criminal Procedure, 17 A.R.S. A court reporter was not present at any session after the jury had been instructed, but the appellant did not request the presence of a reporter at any such session, and appellant took part in such sessions without once requesting a court reporter.

In State v. Crowder, 103 Ariz. 264, 440 P.2d 29 (1968), we held that where no objection was made by the defendant to proceeding to trial without a reporter, he waives his right to thereafter complain that the proceedings were not reported. The holding in *Crowder* was reaffirmed in State v. Burrell, 106 Ariz. 100, 471 P.2d 712 (1970), and we held that the right to have the proceedings taken down and transcribed may be waived.

■ Due process does not require a stenographic transcript in every case. Alternative methods of reporting trial proceedings are permissible if they place before an appellate court an equivalent report of the events at trial from which the appellant's contentions arise. The material before the state court must constitute a record of sufficient completeness for adequate consideration of the errors assigned. Draper v. Washington, 372 U.S. 487, 83 S. Ct. 774, 9 L.Ed.2d 899 (1963).

Putting aside the fact of waiver of a court reporter, we find that there is a sufficient record before us which meets the test of *Draper*, supra. The record sent forward to us includes, among other documents and exhibits, the minutes taken by the clerk at all sessions of the court including those after the jury had begun its liberation and including the session at which the trial judge ordered the mistrial. In addition, there is a reporter's transcript of the argument and representations made by counsel for appellant at the Motion to Quash the information in this case. For the purposes of reviewing this matter we will accept the statements of counsel for appellant made in the motion as true.

■ For many years it has been recognized that a defendant may be retried after a trial judge had, without the defendant's consent, discharged a jury unable to agree on a verdict. United States v. Perez, 9 Wheat. 579, 6 L.Ed. 165 (1824). This position has been reaffirmed in Wade v.

Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L. Ed. 974 (1949), and United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).

Disagreement by the jury is not the only cause for mistrial as pointed out in Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961), the Court said:

"Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment." [Citing cases] 367 U.S. at 368, 81 S.Ct. at 1526, 6 L.Ed.2d at 904.

■ The issue resolves itself into whether under all the circumstances the trial judge acted in the exercise of sound discretion by declaring a mistrial. If he did, there is no double jeopardy and the defendant was properly tried. If he did not, the defendant should not have been retried.

■ Appellant additionally urges that there has not been compliance with Rule 303, Rules of Criminal Procedure, in that the entry which showed the jury was being discharged did not reflect a sufficient showing of the reason for the discharge. Therefore, there is no way to determine whether the trial judge exercised sound discretion.

The minutes reflect:

"4:48 p. m. Deft., counsel and jury present.

"The Court questions the jurors and states:

"It appearing that there is no reasonable probability that the jurors can agree upon a verdict, a mistrial is declared, and the jury is excused.

"Mr. Weiss moves that the trial not be reset on the calendar until after the trial in Case # A–17578 [.]

"Mr. Colarich moves for a directed verdict of acquital on the ground that with the evidence, the length of deliberation, and the giving of the Allen instruction, there is a reasonable doubt of the guilt of the Deft, and

"IT IS ORDERED that the motion is denied.

"As to the new trial date,

"Mr. Colarich argues to the Court.

"IT IS ORDERED that the trial of this action be set to follow the trial in Case # A–17578, without prejudice to the right of the Deft. to file any motion for continuation.

"Deft. is remanded to the custody of the Sheriff."

Rule 303 must be read in connection with Rule 302, Rules of Criminal Procedure which provides:

"Rule 302. Discharge of jurors

"A. After the jurors have retired to consider their verdict the court shall discharge them when:

"1. Their verdict has been recorded.

"2. A necessity exists for their discharge.

"3. Upon expiration of such time as the court deems proper it appears that there is no reasonable probability that the jurors can agree upon a verdict.

"B. The court may in any event discharge the jurors from the action if the county attorney and the defendant consent to such discharge."

There is no magic formula required by Rules 302 and 303. The trial court correctly set forth the reasons for discharge of the jury as being that provided for in 302, subsec. A, par. 3. Nothing more was required.

■ The record presented shows that the jury had been given the case for over 24 hours. While appellant argues that only some nine hours of deliberation time had been used, it must be granted that each juror had had many hours additional for individual reflection and consideration.

**536**

Despite the length of time involved, the jury remained divided at either 8 to 4 or 9 to 3, depending upon which recollection is accepted.

A 9–3 division after 24 hours of deliberation, the statement of the foreman that agreement by the jury was unlikely and agreement by all but one juror that further deliberation would not be fruitful constituted a sufficient basis for declaration of a mistrial.

A trial judge is often presented with a dilemma in situations involving long deliberation by juries. If he insists on prolonging the deliberation after the jurors have expressed the feeling that they cannot reach a verdict, the trial judge may then be accused of trying to coerce a verdict. In the case at issue, the trial court is alleged to have declared the mistrial too soon. From our review of the material presented, it appears that the jury was deadlocked. Hence, the trial judge exercised sound discretion in declaring a mistrial and setting the matter for another trial.

The judgment and sentence of the appellant are affirmed.

HAYS, C. J., and CAMERON, V. C. J., concur.