506 P.2d 665

**The STATE of Arizona, Petitioner,**

**v.**

**The Honorable Norman S. FENTON, Judge, Division 10, Superior Court, Pima County, Respondent.**

**and**

**John CURRY and William Curry, Real Parties in Interest.**

**No. 2 CA–CIV 1382.**

Court of Appeals of Arizona, Division 2.

March 1, 1973.

Dennis DeConcini, Pima County Atty. by Richard J. Michela, Deputy County Atty., Tucson, for petitioner.

Edward P. Bolding, Pima County Public Defender, by Michael O. Zavala, Asst. Public Defender, Tucson, for real parties in interest.

HOWARD, Judge.

These proceedings arise out of a criminal prosecution in the trial court. The state filed a petition for special action challenging the lower court's jurisdiction to direct verdicts of acquittal on two counts after having discharged the jury. The defendants, by cross-petition, challenged the action of the lower court in ordering a new trial as to the counts of grand theft and simple assault and/or battery. Since the jeopardy issue presented by the cross-petition is dispositive, rendering moot the state's complaint as to the directed verdicts, we address ourselves solely to the following question: Does double jeopardy foreclose retrial of these defendants? We have concluded that the question must be answered in the affirmative.

The following events occurred below. On July 13, 1972, the defendants were charged by indictment with aggravated assault, robbery, or in the alternative, grand theft. Their joint trial commenced on January 3, 1973 and at 3:35 p. m. on January 10, 1973, the case was submitted to the jury. At 11:15 p. m. on January 10, 1073, the jury was returned to the courtroom and the trial judge questioned the foreman who indicated that the jurors had reached a decision on some of the verdicts but that none had been signed. He also indicated that additional deliberation would be necessary. The court then asked the jurors as to whether anyone felt that they were hopelessly deadlocked but no one replied.

An in-chambers discussion was then had between counsel and the court. The court asked counsel whether they would stipulate to the following arrangement: That the jurors be returned to the juryroom and the foreman instructed to sign the verdicts already reached, submit same to the court in a sealed envelope to be held by the clerk, and that the jurors be directed to return the following day to continue their deliberations on the remaining verdicts. Although defense counsel indicated that such arrangement was agreeable, the prosecuting attorney would not so stipulate. All returned to open court and the judge announced to the jury that the attorneys had been unable to agree upon a procedure and asked the foreman if remaining verdicts could be reached if the jurors deliberated further that evening. The foreman responded that it would be impossible to deliberate further that evening, whereupon the court declared a mistrial and the jurors were dismissed at 11:25 p. m.

Defense counsel then moved for directed verdicts of acquittal and for dismissal of the charges. The motion for dismissal was predicated on the fact that the jurors could have reached a verdict, some had in fact been reached, and retrial would constitute double jeopardy. After hearing arguments of counsel, the court directed verdicts of acquittal as to the charge of aggravated assault and robbery, allowed the lesser included offense of simple assault and the alternative count of grand theft to stand, and directed that a new trial date be set.

The Supreme Court of Arizona has recently discussed the principles governing a *sua sponte* judicial mistrial declaration. In the case of Klinefelter v. Superior Court, County of Maricopa, 108 Ariz. 494, 502 P. 2d 531 (1972), the court held such declaration to be an abuse of discretion. The court stated:

"We recognize that the trial judge is ordinarily in a superior position to determine when manifest necessity demands that a mistrial be declared, but the record before us does not disclose any of the conventional kinds of reasons felt to demand declaration of a mistrial on the court's own motion (e. g. jury unable to reach verdict after lengthy deliberation, letter published in newspaper rendering jurors impartiality suspect, military court

martial discharged due to tactical necessity in the field) [citation omitted]." (502 P.2d at 533–534).

In the case of State v. Moore, 108 Ariz. 532, 502 P.2d 1351 (1972), the court held that where the jury was divided nine to three after 24 hours of submission of the case, the foreman stated that agreement by the jury was unlikely, and all but one juror agreed that further deliberation would not be fruitful, there was sufficient basis for declaration of a mistrial and thus jeopardy did not attach. The court stated:

"A trial judge is often presented with a dilemma in situations involving long deliberation by juries. If he insists on prolonging the deliberation after the jurors have expressed the feeling that they cannot reach a verdict, the trial judge may then be accused of trying to coerce a verdict. In the case at issue, the trial court is alleged to have declared the mistrial too soon. From our review of the material presented, it appears that the jury was deadlocked. Hence, the trial judge exercised sound discretion in declaring a mistrial and setting the matter for another trial." 502 P.2d at 1355.

■■ An improperly declared mistrial is a bar to retrial of a defendant, provided however that it was not declared with the defendant's consent. State v. Shaw, 6 Ariz.App. 33, 429 P.2d 667 (1967). The United States Supreme Court has indicated that judicial discretion to discharge the jury before it has reached a verdict is to be exercised only in very extraordinary and striking circumstances. Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). In a more recent decision, United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), the court pointed out that there is no mechanical rule for determining when a retrial is barred on double jeopardy grounds. It recognized, however, that since a defendant has a valued right to have his trial completed by a particular tribunal, he has a significant interest in the decision whether or not to take the case from the jury when

circumstances occur which might be thought to warrant a declaration of mistrial:

"Yet, in the final analysis, the judge must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate." 91 S.Ct. at 558.

■ We are not here faced with the situation where the defendants indicated consent to a mistrial as in State v. Shaw, supra. True, no objection to the mistrial declaration was voiced. Although some courts hold contra, we prefer the view that mere silence or failure to object to the jury's discharge is not such consent as will constitute waiver of a former jeopardy plea. People v. Compton, 6 Cal.3d 55, 98 Cal.Rptr. 217, 490 P.2d 537 (1971); see, Annot. 63 A.L.R.2d 782 § 5[a] (1959).

■■ We are of the opinion that the trial court abused its discretion in declaring a mistrial as the record reflects no legal necessity therefor. The case was submitted to the jury after five days of trial. Two individuals were being jointly tried for the same offenses. Less than eight hours had elapsed from the time the jury retired to deliberate until it was summoned back into the courtroom. The foreman indicated his belief that the jurors had reached an agreement on some of the verdicts but that additional deliberation would be necessary. Although he stated that further deliberation that evening was impossible, there was absolutely no indication that the jury would be unable to agree if deliberations were resumed the following morning. In fact, when the court asked the jurors if any one felt that they were hopelessly deadlocked, there was no response.

Legal necessity for the discharge of the jury exists when at the expiration of such time as the court might deem proper, it satisfactorily appears that there is no reasonable probability that the jury can agree.

Paulson v. Superior Court of El Dorado County, 58 Cal.2d 1, 22 Cal.Rptr. 649, 372 P.2d 641 (1962). We believe that the record here does not reflect such reasonable probability but merely a weary group of jurors. Therefore, the jury's discharge without necessity amounted to an acquittal and jeopardy attached as to all counts. People v. Ham, 7 Cal.App.3d 768, 86 Cal. Rptr. 906 (1970); 22 C.J.S. Criminal Law § 260 (1961). The defendants' plea of double jeopardy should have been recognized and the charges dismissed in accordance with their motions.

The lower court is directed to vacate the trial setting and to enter an appropriate order of dismissal.

HATHAWAY, C. J., and KRUCKER, J., concur.