546 P.2d 807
**STATE of Arizona, Appellee,**
v.
**Chester Lee MARKS, Appellant.**
**No. 3165.**
Supreme Court of Arizona,
In Banc.
March 2, 1976.
Rehearing Denied April 6, 1976.

Bruce E. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Shirley H. Frondorf, Asst. Atty. Gen., Phoenix, Raymond Aaron Kizer, Certified Third Year Law Student Under Rule 28 (e), for appellee.

Ross P. Lee, Maricopa County Public Defender, Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

Chester Lee Marks, in pro. per.

GORDON, Justice:

The appellant, Chester Lee Marks, was convicted by a jury of armed robbery in violation of A.R.S. § 13–641, 13–643. On appeal he contends that the trial court's declaration of a mistrial sua sponte over objection of the appellant caused the appellant's retrial to unconstitutionally place him in double jeopardy, that the trial court denied appellant his constitutional right to appear and defend in person, that the one month time lapse between appellant's inculpatory statements and the filing of the complaint was such an excessive delay as to cause a denial of due process, and by way of supplemental brief filed in propria persona that the trial court erred in admitting the appellant's out-of-court statements, and that appellant's arrest was invalid, unlawful and illegal. We take jurisdiction pursuant to Art. 2 § 24 and Art. 6 § 5 of the Arizona Constitution and A.R.S. § 12–120.-

21. We find no merit to appellant's contentions and affirm the judgment.

"Taking the facts in the light most favorable to sustaining the verdict, as we must on appeal," *State v. Trotter,* 110 Ariz. 61, 63, 514 P.2d 1249, 1251 (1973) we find the facts to be as follows. On June 15, 1974 appellant forced Robert Burnett, an employee of the Giant Gas station, to hand over approximately $425.00 after threatening him with a handgun. Appellant, who had been taken into custody on unrelated outstanding arrest warrants on July 12, 1974, was subsequently questioned, after being given his full *Miranda*[1] warnings, in regards to the crime involved in the present case. Appellant made inculpatory statements to the investigating officers, and was later charged by complaint on August 13, 1974. Appellant was tried by a jury, and after the trial court ascertained that the jury was deadlocked declared a mistrial over the objection of the appellant. Appellant was retried, and the jury returned a verdict of guilty. Appellant was sentenced to serve not less than twenty years nor more than life imprisonment.

█ Appellant argues that his retrial constituted double jeopardy which is prohibited by the United States and Arizona Constitutions. We do not agree that appellant was unconstitutionally placed in double jeopardy. "For many years it has been recognized that a defendant may be retried after a trial judge had, without the defendant's consent, discharged a jury unable to agree on a verdict. *United States v. Perez,* 9 Wheat. 579, 6 L.Ed. 165 (1824)." *State v. Moore,* 108 Ariz. 532, 534, 502 P.2d 1351, 1353 (1972) cert. denied, 412 U.S. 906, 93 S.Ct. 2292, 36 L.Ed.2d 971 (1973). The time a trial court may properly declare a mistrial, sua sponte, over the objection of the defendant was delineated in *State v. Fenton,* 19 Ariz.App. 274, 506 P.2d 665 (1973):

"Legal necessity for the discharge of the jury exists when at the expiration of such time as the court might deem proper, it satisfactorily appears that there is no reasonable probability that the jury can agree." 19 Ariz.App. at 276, 506 P.2d at 667.

The record indicates that in the present case the jury retired prior to lunch time to deliberate and between that time and 4:20 p. m. they submitted three communications to the trial court. At 2:15 p. m. the jury indicated that they were "unable to reach a verdict," and at 4:40 p. m. the jury submitted a fourth communication indicating that they were "hopelessly deadlocked." In open court at 4:52 p. m. the foreman stated to the trial court that the jury was hopelessly deadlocked and that there was no reasonable probability that the jury could reach a verdict. After the trial judge satisfied himself that all jurors agreed with the foreman's opinion, he declared a mistrial and dismissed the jury.

█ Rule 22.4(b), Arizona Rules of Criminal Procedure provides that the trial court has the authority to discharge the jurors "[u]pon the expiration of such time as the court deems proper, [when] it appears that there is no reasonable probability that the jurors can agree upon a verdict * * *." Since it appears from our review of the record that the jury was deadlocked, the trial court properly exercised its sound discretion in declaring a mistrial. "Under such circumstances jeopardy does not attach and 'there is no limit to the number of trials but the discretion of the court.'" *State v. Woodring,* 95 Ariz. 84, 85, 86, 386 P.2d 851, 852 (1963).

█ Appellant next urges that the trial court denied him his constitutional right to appear and defend in person. Prior to the first trial, appellant asserted that he desired to represent himself. The trial court conducted an examination of the appellant to determine whether he was competent to waive counsel, and explained that the law

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

requires a waiver of counsel to be in writing. See Rule 6.1(c) Rules of Criminal Procedure. After the defendant absolutely refused to sign the waiver form the court found that the defendant was "not in a position, so far as his ability to make a knowing, intelligent and voluntary waiver of counsel." The trial court's determination was obviously the proper one to be made. The comment to Rule 6.1(c) Arizona Rules of Criminal Procedure states that "Section (c) provides the standards for waiver of the rights to counsel, applicable throughout these rules." If the trial judge had allowed appellant to proceed *pro per* without requiring that he sign the waiver form it would be difficult to determine upon review whether appellant had made an intelligent and competent waiver. The record indicates that appellant did accept appointed counsel prior to retrial, and did not clearly reassert his desire to proceed in *pro per* even after the trial court inquired as to whether the appellant desired to represent himself. On the basis of the above facts we hold that the trial court did not err in appointing counsel to represent the appellant during trial since appellant's attempted waiver of his constitutional right to counsel was not voluntarily, knowingly and intelligently made.

■■ Appellant next contends that the one month time lapse between his inculpatory statements and the filing of the complaint to have been such an excessive delay as to have caused him a denial of due process. We find this contention to be without merit.

"A criminal defendant may find protection for unreasonable delay in prosecution under the procedural due process provisions of the Fifth and Fourteenth Amendments. *The defendant must show that the state unreasonably delayed prosecution and that such delay prejudiced his defense.*" (Emphasis supplied.) *State v. Saiz,* 103 Ariz. 567, 570, 447 P. 2d 541, 544 (1968).

However, in the present case, as in *Saiz* the appellant has failed to show that either the state unreasonably delayed indictment or that the one month delay prejudiced his defense. As in *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) we find that there was no showing of an intentional delay by the state so as to cause substantial prejudice to the appellant's right to a fair trial. The state during the time interval in question was conducting other investigations concerning the appellant, and was gathering additional evidence necessary for the proper preparation of this case prior to the filing of the complaint.

Appellant contends that he was prejudiced since he was unable to recall the events of the day in question. However, at the first trial we note that the appellant called no witnesses besides himself and when testifying never claimed a lapse of memory. We also note that it is hard to imagine the case where a delay of approximately one month in the filing of a complaint would be such an excessive delay as to cause an accused the denial of due process.

Appellant's next contention is that the trial court erred in admitting appellant's out-of-court statements because he feels that those alleged statements were prompted by physical force being applied to him by the law enforcement officers at the time of his interview. Appellant further contends that since the law enforcement officers should have been on notice that appellant was represented by counsel (he was in custody on other felony warrants) they should have contacted said counsel prior to any questioning of the appellant.

■ First, the trial court found that the inculpatory statements made by the appellant were voluntarily made. At the hearing on the motion to suppress appellant did not allege that the statements were made as a result of force being applied to the appellant's person. The only testimony

which tends to substantiate this allegation was offered by the appellant during his first trial. This testimony was rebutted by other witnesses. Appellant did not testify at his retrial, and so no evidence on this question went before the second jury. We hold that since the finding by the trial court is supported by the record the inculpatory statements by the appellant were properly found to be voluntary. *State v. Durham,* 111 Ariz. 19, 523 P.2d 47 (1974).

In *Miranda v. Arizona, supra,* the court held that the accused must be advised of certain of his constitutional rights. However, the law enforcement officers, while under a constitutional duty to advise the accused of his right to counsel, are not under a constitutional duty to contact a lawyer for the accused if he makes a valid waiver of that right. *State ex rel. Berger v. Superior Court,* 105 Ariz. 553, 468 P.2d 580 (1970). We agree with the holding in *State v. Jenkins,* 111 Ariz. 13, 14, 522 P.2d 1090, 1091 (1974) in that "it is enough to advise him that a lawyer will be made available to him prior to questioning if he so desires." This was done in the present case, and we find no error.

Appellant's last contention is that his arrest was invalid, unlawful and illegal based upon A.R.S. § 13–1403, "Arrest by officer without warrant". However, the record shows that appellant's arrest was in response to an arrest warrant for the crime of armed robbery which was issued by the Justice Court, East Phoenix II. At that time appellant was already in custody on an unrelated felony charge. The arrest warrant appears valid on its face and, in fact, no allegation has been made that it is not legal. We find no error.

Judgment affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.