611 P.2d 1026

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Stephen Dirk WERNETH, Defendant-Appellant.**

**No. 12624.**

Supreme Court of Idaho.

April 22, 1980.

Rehearing Denied June 30, 1980.

John K. Gatchel of Gatchel & Batt, Payette, for defendant-appellant.

David H. Leroy, Atty. Gen., Steven M. Parry, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SCOGGIN, Justice Pro Tem.

Defendant-appellant, Stephen Werneth, appeals from a jury verdict finding him guilty of embezzlement by corporate officer under I.C. § 18–2402.[1] Werneth claims that the jury trial violated his constitutional right not to be twice placed in jeopardy.

In April, 1976, Werneth was placed on trial for the crime of embezzlement by

---

1. 18–2402. *Embezzlement by public and corporate officers.*—Every officer of this state, or of any county, city, or other municipal corporation or subdivision thereof, and every deputy, clerk, or servant of any such officer, and every officer, director, trustee, clerk, servant, or agent of any association, society, or corporation (public or private), who fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust, any property which he has in his possession or under his control by virtue of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose is guilty of embezzlement.

bailee under I.C. § 18–2407.[2] That charge was based on an allegation that Werneth fraudulently converted to his own use approximately eighteen tons of wheat which had been entrusted to him during the 1974 harvest season. As the trial progressed, a jury was empaneled, witnesses were sworn, and testimony by a State witness was taken. At that point, the State made a motion to amend the information to include the crime of embezzlement by corporate officer under I.C. § 18–2402. Werneth was apparently a corporate officer when he appropriated the wheat, and the proposed amendment was based on the same transaction as the charge under I.C. § 18–2407. Defense counsel objected to the amendment. The trial judge denied the motion to amend on the ground that the amendment was "an entirely different burden [from the original charge under I.C. § 18–2407] that the defense * * * is not prepared to meet. * * * The man is entitled to know what he is charged with."

The State then moved to dismiss the suit. Defense counsel objected and was questioned by the trial judge regarding his reasons for objecting. After a recess, defense counsel withdrew his objection. The trial judge then granted the motion to dismiss.

Four days later, the State charged Werneth with the crime of embezzlement by a corporate officer under I.C. § 18–2402. That charge, other than adding the allegation that Werneth was a corporate officer, was based on precisely the same allegations that were made in the previous charge under I.C. § 18–2407. Werneth filed a motion to dismiss claiming that a new trial would violate his right not to be placed in double jeopardy. The trial judge denied the motion on the ground that defense counsel had, in effect, consented to the previous dismissal by withdrawing his objection. A jury trial was held and Werneth was found guilty of embezzlement by a corporate officer. Werneth appeals from that verdict.

The primary issue in this case is whether Werneth was denied his constitutional right not to be twice placed in jeopardy for the same criminal offense. Werneth's constitutional rights stem from two sources. The first, the Idaho Constitution, Art. 1, § 13, provides that "[n]o person shall be twice put in jeopardy for the same offense * * *." The second source, the Fifth Amendment to the United States Constitution, states that "nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb * * *" and applies to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

■ Our resolution of Werneth's constitutional claim begins with an examination of the trial court's ruling that Werneth consented to the dismissal of the I.C. § 18–2407 charge by first objecting to the State's motion to dismiss and then later withdrawing his objection. The general rule is that where the defendant himself moves to discharge the jury, or where he consents to such a move made by the court or the prosecution, he cannot claim double jeopardy if he is thereafter retried for the same offense. *E. g., United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Grasso*, 552 F.2d 46 (2d Cir. 1977). While no court appears to have dealt with the precise fact situation of the case at hand, a number of courts have held that a defendant's silence in the face of a state's motion to discharge the jury is not a consent to the discharge, and the defendant *retains* his right to claim double jeopardy. *E. g., State v. Fenton*, 19 Ariz.App. 274, 506 P.2d 665 (1973); *People v. Compton*, 6 Cal.3d 55, 98 Cal.Rptr. 217, 490 P.2d 537 (1971); *People v. Hoffman*, 81 Mich.App. 288, 265 N.W.2d 94 (1978); *State v. Ambrose*, 598 P.2d 354 (Utah 1979).

■ While something more than mere silence on the defendant's part must be shown to establish his consent to being

---

2. 18–2407. *Embezzlement by bailee, tenant or attorney.*—Every person entrusted with any property as bailee, tenant, or lodger, or with any power of attorney for the sale or transfer thereof, who fraudulently converts the same or the proceeds thereof to his own use, or secretes it or them with a fraudulent intent to convert to his own use, is guilty of embezzlement.

placed in double jeopardy, the consent need not be express; rather, it may be implied from a totality of the circumstances. *See, e. g., United States v. Rich*, 589 F.2d 1025 (10th Cir. 1978); *United States v. Goldman*, 439 F.Supp. 358 (S.D.N.Y.1977) aff'd mem., 573 F.2d 1297 (1st Cir. 1977); *Harris v. Justices of the Supreme Court*, 44 N.Y.2d 874, 407 N.Y.S.2d 478, 378 N.E.2d 1048 (1978). Stressing the view that consent to be placed in double jeopardy will not be lightly presumed, the court in *Curry v. Superior Court*, 2 Cal.3d 707, 87 Cal.Rptr. 361, 470 P.2d 345 (1970), stated: "It is true that affirmative conduct by the defendant may constitute a waiver if it clearly evidences consent * * *." *Id.* 87 Cal.Rptr. at 364, 470 P.2d at 348. Idaho has consistently recognized the presumption against waiver of fundamental constitutional rights. *E. g., State v. Fisk*, 92 Idaho 675, 448 P.2d 768 (1968); *Abercrombie v. State*, 91 Idaho 586, 428 P.2d 505 (1967).

We disagree with the finding of the trial judge that the withdrawal of an objection constitutes the clear and unequivocal action necessary to find that the defendant has consented to placing himself in double jeopardy. Nevertheless, we affirm the trial court's result, albeit on a different ground. We agree with the argument presented by the State, both here and at the trial level, that the two statutory offenses with which Werneth was charged do not constitute the same offense for double jeopardy purposes. Where the decision of the trial court is correct but entered on a different theory, it will be affirmed on the correct theory. *E. g., Eimco Corp. v. Sims*, 100 Idaho 390, 598 P.2d 538 (1979); *Anderson & Nafziger v. G. T. Newcomb, Inc.*, 100 Idaho 175, 595 P.2d 709 (1979).

The core principle of the Double Jeopardy Clause is that no person may be punished or prosecuted twice for the same offense. The issue we now turn to is whether Werneth was prosecuted twice for the same offense; specifically, we must determine whether I.C. § 18–2402 and I.C. § 18–2407 constitute the same offense for double jeopardy purposes.

The basic test for determining whether two statutory offenses are sufficiently distinguishable to permit the imposition of successive prosecutions was stated in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977):

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. * * *." *Id.* at 166, 97 S.Ct. at 2225 (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)).

*See also State v. Hall*, 86 Idaho 63, 383 P.2d 602 (1963).

Under this test, I.C. § 18–2402 and I.C. § 18–2407 constitute two distinct offenses. I.C. § 18–2402 requires proof that the embezzler was a public or corporate officer, which I.C. § 18–2407 does not require. On the other hand, I.C. § 18–2407 requires proof that the embezzler converted property to his own use which had been entrusted to him as bailee, tenant or lodger. I.C. § 18–2402 requires no such proof. Moreover, proof of facts necessary for conviction under one statute would necessarily preclude conviction under the other. Thus, each statute requires proof of an additional fact which the other does not. Under the *Blockburger* test, these two Idaho statutes are sufficiently distinguishable to permit successive prosecutions in the present case.[3]

---

**3.** Although we are urged by the State to affirm the trial court on the basis of I.C. § 19–3506, we decline to do so. That statute reads as follows: "*Effect of dismissal as bar.*—An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor; but it is not a bar if the offense is a felony."

The State argues that I.C. § 19–3506 is dispositive of this appeal; they argue that because Werneth's initial felony charge under I.C. § 18–2407 was dismissed, a second prosecution, even if based on the same offense, is proper under I.C. § 19–3506.

The language of I.C. § 19–3506 does appear to support such an argument, but applying that

We stress, however, that the result here might have been much different if the trial on the I.C. § 18–2407 charge had progressed to the point where some of the factual issues had been resolved:

"The *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense. Even if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first." *Brown v. Ohio*, 432 U.S. 161, 167 n. 6, 97 S.Ct. 2221, 2226 n. 6, 53 L.Ed.2d 187.

It is clear, however, that no factual issues were ever resolved in the trial on the I.C. § 18–2407 charge.

Werneth argues that the dismissal of the I.C. § 18–2407 charge amounted to an acquittal and that his subsequent trial on the I.C. § 18–2402 charge was a violation of Idaho's statutory provision against double jeopardy, I.C. § 18–301. I.C. § 18–301 reads as follows:

"*Acts punishable in different ways.—Double jeopardy.*—An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

It is clear that I.C. § 18–301 enlarges the scope of the constitutional guarantee against double jeopardy "for the same act or omission" and is not limited to the "same offense." *State v. Hall*, 86 Idaho 63, 383 P.2d 602 (1963). I.C. § 18–301 is, however,

not applicable to the present case because Werneth was never acquitted of the I.C. § 18–2407 charge. Idaho's statutory definition of acquittal is as follows:

"19–1718. *What is a former acquittal.*—Whenever the defendant is acquitted on the merits he is acquitted of the same offense, notwithstanding any defect in form or substance in the indictment on which the trial was had."

The United States Supreme Court has stated that a defendant is acquitted, "only when the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." *United States v. Scott*, 437 U.S. 82, 97, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 (1978) (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977). Neither of these definitions leads to a conclusion that Werneth was acquitted of the I.C. § 18–2407 charge. His trial on that charge was dismissed before it resolved any facts or resulted in a decision on the merits. Thus, the dismissal cannot be equated with an acquittal. *See State v. Gumm*, 99 Idaho 549, 552 n. 2, 585 P.2d 959, 962 n. 2 (1978).

Werneth next argues that the case of *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), requires reversal of the trial court's decision. *Crist* involved defendants charged with a crime under a single Montana statute. After a jury was empaneled and sworn, a typographical error was discovered in the information which made the information invalid. The prosecution's motion to dismiss the case was granted; the typographical error was corrected; the exact charges were refiled against the defendants; and the defendants were found guilty by a jury. The sole issue in the case was whether jeopardy had attached in the

---

statute in the manner suggested by the State would violate the Double Jeopardy Clause. In Werneth's initial trial, a jury had been empaneled and sworn prior to the dismissal. In *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), the Court held that jeopardy attaches when a jury is empaneled and sworn, and a subsequent trial on the same offense

violates the constitutional guarantee against double jeopardy. It is unnecessary, however, to decide the constitutionality of I.C. § 19–3506 in the present case. Our decision is grounded on the finding that I.C. § 18–2402 and I.C. § 18–2407 are not the same offense for double jeopardy purposes, and thus I.C. § 19–3506 is inapplicable.

initial trial, thereby precluding the second trial; it was presumed that the second trial involved the "same offense" as the first. *Crist* is thus distinguishable from the present case in that *Crist* clearly involved a reprosecution for the "same offense" while the case at hand involved prosecutions for two distinct offenses.

Werneth also claims that the case of *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978), supports his claim that he was tried twice for the same offense. *Sanabria*, however, did not deal with the question of whether successive prosecutions are proper for a single act which violates a number of statutes:

> "Because only a single violation of a single statute is at issue here, we do not analyze this case under the so-called 'same evidence' test, which is frequently used to determine whether a single transaction may give rise to separate prosecutions, convictions, and/or punishments under separate statutes." *Id.* at 70 n. 24, 98 S.Ct. at 2181 n. 24.

Thus, *Sanabria*, not having dealt with the issue we face here, is distinguishable from the present case.

We recognize the principle laid out in *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), that

> "the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Id.* at 187–88, 78 S.Ct. at 223.

The second trial in the present case, however, involved none of the evils identified in *Green*: Werneth's first trial was dismissed before any factual issues were resolved, and his second trial involved a charge under a different statute. On the basis of the authorities discussed above, Werneth's constitutional guarantee against double jeopardy was not violated in this case. The jury verdict finding Werneth guilty of a violation of I.C. § 18–2402 is affirmed.

DONALDSON, C. J., and BAKES, McFADDEN and BISTLINE, JJ., concur.