No. 80–341. WERNETH *v.* IDAHO. Sup. Ct. Idaho. Certiorari denied.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Petitioner seeks review on double jeopardy grounds of his conviction of embezzlement by corporate officer. I would grant the petition for certiorari and reverse the judgment of the Supreme Court of Idaho.

Petitioner was initially charged with the crime of embezzle-

ment by bailee. Idaho Code § 18–2407 (1979). At the start of the trial a jury was empaneled, witnesses were sworn, and testimony by a state witness was taken. 101 Idaho 241, 242, 611 P. 2d 1026, 1027 (1980). Jeopardy had clearly attached. *Crist* v. *Bretz,* 437 U. S. 28, 38 (1978).

The State then moved to amend the information to charge the additional crime of embezzlement by corporate officer. Idaho Code § 18–2402 (1948). Defense counsel opposed the motion and the trial judge sustained the objection. The State then moved to dismiss the original charge, embezzlement by bailee, and after defense counsel stated and then withdrew his objection, the trial judge dismissed that charge.

Four days later, petitioner was charged with the crime of embezzlement by corporate officer. The charge was based on the same transaction which had given rise to the dismissed charge. Petitioner moved to dismiss on the ground that a new trial would violate his right against double jeopardy, but that motion was denied and petitioner was convicted. Petitioner then appealed to the Idaho Supreme Court, which affirmed the conviction. The Idaho Supreme Court did, however, reject the trial court's finding that petitioner had consented to dismissal of the initial charge of embezzlement by bailee.

I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires the prosecution in one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Clift* v. *Alabama,* 435 U. S. 909 (1978) (BRENNAN, J., dissenting); *Thompson* v. *Oklahoma,* 429 U. S. 1053 (1977) (BRENNAN, J., dissenting), and cases collected therein. Accordingly, I would grant the petition for certiorari and reverse the judgment of the Supreme Court of Idaho.