498 P.2d 460

Pedro YUCUPICIO, Petitioner,

v.

SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA, and Ben C. Birdsall, as Presiding Judge thereof, Respondents;

and

The STATE of Arizona, Real Party in Interest.

No. 10859.

Supreme Court of Arizona,
In Banc.

June 26, 1972.

Edward P. Bolding, Pima County Public Defender, by Peter D. Axelrod, Deputy Public Defender, Tucson, for petitioner.

Rose Silver, Pima County Atty., by Duane P. Smith and L. Terry Grimble, Deputy County Attys., Tucson, for respondent.

HAYS, Chief Justice.

This matter comes to us by way of a petition for special action of which we accepted jurisdiction.

Petitioner, Pedro Yucupicio, was indicted by the Pima County Grand Jury on July 20, 1971, for selling a narcotic drug. The indictment was kept secret for eight months before petitioner was arrested, although he was at all times living openly under his own name with his family at the residence where he had lived for many years.

After petitioner's arrest and arraignment, he moved to quash the indictment on the grounds of the failure of the state to grant him a speedy trial. In support of this contention, he cited the Sixth Amendment to the United States Constitution; Article 2, Section 24 of the Arizona Constitution A.R.S.; and Rule 236 of the Rules of Criminal Procedure (17 A.R.S.). After denial of the motion to quash by the trial court, petitioner brought his petition for special action to this court.

The federal courts in recent years have had occasion to rule on the question of speedy trial. The two most important of these cases were decided by the United States Supreme Court: Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), and United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Although neither of these cases

squarely meets the issue here, the following language in *Marion, supra,* is pertinent.

> "[O]n its face, the protection of the amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution. . . ." 92 S.Ct. at 459.

 It is readily apparent that the return of an indictment begins a criminal prosecution whether or not the return is secret. Our main concern here, however, is with an interpretation of Rule 236 of the Rules of Criminal Procedure, which reads as follows:

> "When a person has been indicted or informed against for an offense, if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person . . . unless good cause to the contrary is shown by affidavit . . . ."

The state contends that the foregoing rule is unclear as regards indictments, but we encounter no difficulty in comprehending its terms, nor do we encounter problems with the cases which have interpreted this rule. Clearly, the rule says that the indictment or information shall be dismissed if the defendant is not brought to trial within sixty days, unless the state by affidavit shows good cause.

This court is committed to the proposition that the interests of the public, as well as the protection of the individual, demand a speedy disposition of criminal charges consonant with the principles of justice.

The state contends that the motion to quash the indictment was heard solely as a legal issue and no opportunity was afforded to the state to file an affidavit as provided by Rule 236. We agree that the state should have this opportunity.

This case is remanded to the trial court with directions to vacate its order denying the motion to quash, to permit the state to file an affidavit as contemplated by Rule 236, and to rule upon the sufficiency of that affidavit. If the affidavit fails to show "good cause," the indictment shall be dismissed as provided by the rule; otherwise the case shall proceed to trial.

Remanded with instructions.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD, and HOLOHAN, JJ., concur.