508 P.2d 1149

Fred Anthony BOCCELLI, Petitioner,

v.

The STATE of Arizona and the Superior Court of the State of Arizona, In and For the County of Pima, Respondents.

No. 11135.

Supreme Court of Arizona, En Banc.

April 20, 1973.

S. Jeffrey Minker, Tucson, for petitioner.

Dennis DeConcini, Pima County Atty. by Carmine A. Brogna, Deputy County Atty., Tucson, for respondents.

HAYS, Chief Justice.

Fred Anthony Boccelli petitions this court for a special action to prohibit the State of Arizona and the Superior Court of Pima County from proceeding with his trial. Petitioner's motion to dismiss in Superior Court was denied on January 8, 1973, and his writ of special action in the Court of Appeals was denied on January 17, 1973. We accepted jurisdiction of the special action brought in this court.

Boccelli contends that the prosecution against him must be dismissed for failure to comply with Rule 236 of the Arizona Rules of Criminal Procedure, 17 A.R.S.:

When a person has been held to answer for an offense, if an information is not filed against him for the offense within thirty days thereafter, or when a person has been indicted or informed against for an offense, if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, unless good cause to the contrary is shown by affidavit, or unless the ac-

tion has not proceeded to trial because of the defendant's consent or by his action. When good cause is shown, the action may be continued, in which event the defendant if bailable shall be released on bail either on his own recognizance or on the undertaking of sureties.

Petitioner allegedly sold L.S.D. to a Tucson undercover agent on July 2, 1971. He was indicted on November 9, 1971, and was arrested on a warrant for the indictment on August 30, 1972. Officer Anaya's testimony shows that no action was taken on the grand jury's warrant for approximately three months because Detective Pershing, the agent who made the alleged buy from petitioner, was dealing with individuals known to petitioner during that time. Anaya testified that had Boccelli been arrested immediately on the November 9, 1971, warrant, Detective Pershing's safety and well-being would have been jeopardized. Officer Anaya went to Tucson Blueprint Company, Boccelli's employer during February, 1972, in search of defendant. The owner said he was not working there and directed the officer to what she believed to be his residence. When the officer went to the residence, a man at Boccelli's address told him that Boccelli was back East. After contacting other agencies, the police placed the warrant on their Records Division to notify other policemen of the outstanding warrant, should Boccelli be stopped. No other effort was made.

Boccelli contends that his right to a speedy trial under the sixth amendment to the United States Constitution and under Criminal Rule 236 has been denied. As Justice Burger stated in Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970):

> If the case for the prosecution calls on the accused to meet charges rather than rest on the infirmities of the prosecution's case, as is the defendant's right, the time to meet them is when the case

is fresh. . . . Although a great many accused persons seek to put off the confrontation as long as possible, the right to a prompt inquiry into criminal charges is fundamental and the duty of the charging authority is to provide a prompt trial. 398 U.S. at 37–38, 90 S.Ct. at 1568–1569.

Under Arizona Criminal Rule 236, the indictment must be dismissed if the defendant is not brought to trial within 60 days unless the State, by affidavit, shows good cause. Yucupicio v. Superior Court, 108 Ariz. 372, 498 P.2d 460 (1972). In the instant case, Officer Anaya filed an affidavit after the defendant filed his motion to dismiss, pursuant to Rule 236. His affidavit shows only the facts already discussed and asserts, without explanation, that "[a]fter this approximate three month period, I and fellow police officers at the Tucson Police Department Narcotics Squad exercised every available investigative means to find defendant Boccelli." At the motion to dismiss hearing, Officer Anaya frankly admitted that no effort was made to locate Boccelli after March, 1972.

Boccelli, at all times during this nine-month period, lived in Tucson and during all but a few weeks was employed in Tucson. The record shows that no affirmative steps to locate Boccelli were taken after March of 1972, and therefore compliance with Criminal Rule 236, *supra,* is lacking. We hold that the State's affidavit does not demonstrate good cause why defendant was not brought to trial within 60 days after the indictment was found.

It is ordered that the State of Arizona and the Superior Court of Pima County are prohibited from proceeding with the trial of this cause. Case remanded for proceedings not inconsistent with the foregoing.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.