532 P.2d 504

**STATE of Arizona, Appellee,**

**v.**

**Belton Vann MILONICH, Appellant.**

**No. 3073.**

Supreme Court of Arizona,
En Banc.

March 5, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by Robert S.

Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Jonathan H. Schwartz, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Milonich was indicted for the crime of sale of marijuana ARS § 36–1002.07. The offense occurred when an officer of the Phoenix Police Department purchased a bag of marijuana from the appellant, hereinafter referred to as the defendant.

■ The only question raised on appeal is whether the pretrial identification procedure of the officer was impermissibly suggestive, giving rise to an irreparable misidentification of the defendant and tainting the in-court identification. Simmons v. United States, 390 U.S. 377, 88 S. Ct. 967, 19 L.Ed.2d 1247 (1968). The test is one of the totality of the circumstances of the procedure. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

■ Questions concerning the accuracy of an in-court identification of the defendant untainted by pretrial procedures are preliminary questions for the trial judge, whose determination will not be overturned on appeal unless there is clear and manifest error. State v. Williams, 111 Ariz. 175, 526 P.2d 714 (1974). No such error is apparent in this instance and the ruling of the trial court permitting the identification will be affirmed.

The sale took place November 7, 1973. The officer had previously spoken to the defendant, known to the officer then as "Buzzi," for about 15 minutes. At the time of the sale, the two talked about one-half hour. November 16, 1973, the officer saw the defendant and requested the police unit to stop to ascertain the defendant's true name. The officer testified that prior to trial, he had seen Milonich approximately 15 times.

At some time during December, 1973, or January, 1974, the officer went to the files of the Maricopa County Sheriff's Department to compare the name he had been given with a photo that the Department had. He determined that the photo and the name were of the same individual and he retained the picture. At trial, the officer was asked to select a picture of the defendant from among several. He had some difficulty but when the defendant entered the courtroom, the officer positively identified him on the basis of previous personal contacts.

The facts of this case are similar to those of State v. Lee, 110 Ariz. 357, 519 P.2d 56 (1974). If anything, the facts in this instance suggest more strongly than in the *Lee* case that there was nothing in the procedure that indicated that the identification process was unduly suggestive.

■ Some of the factors that are considered in determining the probability of a misidentification are the witness' degree of attention and ability to view the criminal at the time of the crime, and the level of certainty that the witness demonstrates at the confrontation. Neil v. Biggers, 409 U. S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); State v. Taylor, 109 Ariz. 518, 514 P.2d 439 (1973). Here, the witness was a trained police officer who knew when seeing the defendant that he would be later asked to identify him. He consulted the departmental record to check the name of a person that he could already identify. The facts do not support the defendant's contention that the in-court identification was tainted by the view of the photograph in the file even though the officer made later references to it. Clearly, the witness had a completely independent basis for the identification. The procedure cannot be considered impermissibly suggestive; in fact, the procedure used tended to support the validity of the identification.

Judgment affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.