569 P.2d 807

STATE of Arizona, Appellee,

v.

Mary Lou TORRES, Appellant.

No. 3877.

Supreme Court of Arizona,
In Banc.

Sept. 7, 1977.

378

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

The Maricopa County Grand Jury indicted the appellant, Mary Lou Torres, on October 3, 1974 for the illegal sale of heroin in violation of A.R.S. § 36–1002.02. The alleged sale had occurred on March 1, 1974 and appellant was arrested on February 20, 1975. A jury conviction on the charge was handed down on July 1, 1975 and appellant was sentenced to not less than 10 years nor more than 12 years in the Arizona State Prison. A timely notice of appeal was filed and we have jurisdiction pursuant to 17A A.R.S. Rules of the Supreme Court, rule 47(e)(5).

Appellant has raised three arguments in her appeal.

1. The delays between the alleged offense and indictment and between the indictment and her trial deny appellant's rights to a speedy trial.

2. The in-court identification of appellant by the undercover police officer should have been suppressed.

3. The trial court should have granted appellant a new trial on the grounds that the undercover narcotics officer had made more than one previous misidentification of a suspect in similar narcotics cases.

Initially appellant argues that the seven-month delay between the alleged sale and the grand jury indictment denied her the right to a speedy trial. We cannot agree with appellant's contention. As was pointed out in *U. S. v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the right to a speedy trial does not attach until the prospective defendant has become an "accused" person which occurs only after arrest, indictment or the filing of an information against such person. We have recognized this same principle in *State v. Robles,* 110 Ariz. 184, 516 P.2d 320 (1973), where we stated that the right to a speedy trial does not attach until the accused is held to answer. Appellant's right to a speedy trial did not attach until the grand jury had indicted her and the seven-month delay prior to that indictment did not in any way operate to deny her such right.

Neither do we believe that the pre-indictment delay denied appellant the right to due process. In order to establish such a denial there must be a showing that the prosecution intentionally delayed the proceedings to gain a tactical advantage over the defendant or to harass such defendant and that the defendant has been actually prejudiced by such delay. *U. S. v. Marion, supra; State v. Marks,* 113 Ariz. 71, 546 P.2d 807 (1976). Appellant contends her right to a fair trial has been prejudiced in this case because the pre-indictment delay occasioned the loss of an eyewitness who

was present at the time of the alleged heroin sale. The indictment and subsequent conviction in this case were based largely on the testimony of Officer John Andrade who, operating as an undercover narcotics officer for the Phoenix Police Department, made the alleged heroin purchase from the appellant on March 1, 1974. At the time of the sale and for more than an hour preceding it, appellant, Officer Andrade, and a third occupant were riding in a black Oldsmobile driven by appellant's male companion. From the vehicle's license number Officer Andrade later determined that it was registered to Brian Cassells. At the pre-trial hearings on appellant's Motion to Dismiss it was established that Brian Cassells had been on probation on March 1, 1974 and that his last contact with his probation officer was on April 20, 1974. Additional testimony indicated that Mr. Cassells had left the jurisdiction and entered Canada and that all attempts to locate him by his probation officer and the Phoenix Police Department had proved unsuccessful. Appellant argues Mr. Cassells' disappearance was brought about by the state's pre-indictment delay and that his unavailability as a witness substantially prejudiced her ability to obtain a fair trial.

■ We do not believe that appellant has made a showing that the state used the pre-indictment delay to obtain a tactical advantage or that she has actually been prejudiced by that delay. Appellant asserts that the unavailability of Mr. Cassells as a witness prejudiced her case but does not either allege or attempt to show how his testimony would have aided in her defense. A mere assertion of the unavailability of an eyewitness is insufficient to show that a denial of due process has occurred. *U. S. v. Lovasco,* —— U.S. ——, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *U. S. v. Zane,* 489 F.2d 269 (5th Cir. 1973), *cert. den.,* 416 U.S. 959, 94 S.Ct. 1975, 40 L.Ed.2d 310 (1974). There must be a showing of actual prejudice to the defendant's case. *U. S. v. Marion, supra; State v. Marks, supra; State v. Saiz,* 103 Ariz. 567, 447 P.2d 541 (1968). In addition to this actual prejudice the appellant must also show that the pre-indictment delay was used by the prosecution to obtain a tactical advantage. *U. S. v. Lovasco, supra; U. S. v. Marion, supra; State v. Marks, supra.* We find no support for the contention that the delay in this case was used by the state to obtain such a tactical advantage. The record clearly indicates that the unavailable eyewitness left the jurisdiction within a very short time after the date of the sale for which appellant was tried. It cannot be shown that the extensive delay in and of itself occasioned the eyewitness's disappearance. Officer Andrade testified that he had delayed filing this case before the County Grand Jury for 11 months because he did not wish to disclose his identity as a police officer. Such disclosure would have terminated his ability to further investigate other narcotics dealings in the Mexican community where he was working at that time. We are satisfied that the state's interest in protecting the identity of an undercover narcotics officer during the period of his investigations constitutes a sufficient reason for allowing the pre-indictment delay in this case. *See U. S. v. Lovasco, supra.*

■ Appellant further alleges that her right to a speedy trial has been denied because the delay between the time of the indictment and the time of her trial was unreasonable and in violation of the time limits set forth in 17 A.R.S. 1973 Rules of Criminal Procedure, rule 8.2(a). In support of her argument appellant alleges that no reasonable effort was made by the police department to apprehend her between the time of indictment and the time of her arrest. As support for her claim appellant cites *Boccelli v. State,* 109 Ariz. 287, 508 P.2d 1149 (1973). We do not believe that *Boccelli* is applicable to the facts of this case. The record in *Boccelli* indicates that at that time there was a nine-month delay between the time of indictment and the time of arrest, that the defendant at all times resided within the City of Tucson where he was employed for all but a few weeks of that period and that police took no action for three months on an arrest warrant following the indictment. The only

effort made by the Tucson Police Department to locate the defendant consisted of a single contact with the owner of defendant's place of employment followed by a visit to defendant's residence and thereafter by limited contact with other agencies including the notification of other policemen of an outstanding warrant on the defendant. In addition to the lack of effort on behalf of the Tucson Police Department there is no indication in *Boccelli* that the defendant in that case was aware of an outstanding warrant against him.

The facts presented in the case before us clearly indicate that the Phoenix Police Department made much more than a cursory effort to apprehend the appellant following the filing of the indictment. Pre-trial testimony established that in October of 1974 Officer Atchison attempted to arrest appellant at a drug rehabilitation center but that she had deliberately eluded him in her car after seeing his vehicle. Officer Lucas testified that he had gone to appellant's address at 3747 West Wier early in November of 1974 and was told that appellant did not live at that address. Officer Lucas further testified that he had conducted a surveillance of the appellant's home on several occasions in an attempt to see whether her car was in the vicinity of her listed address. In February of 1975 Officer Lucas came upon Mary Lou Torres in her car at 3747 West Wier, but when the appellant observed him approaching her vehicle she sped away. Officer Lucas followed her at that time and was able to again approach her vehicle at which time he identified himself. The appellant once more sped away and avoided arrest. Appellant was finally arrested on February 20, 1975 by Officer Atchison but only after she tried to run away when the officer approached.

The record also indicates that the appellant was fully aware of the fact that an outstanding warrant for her arrest existed during this time period. Amanda Herman, the appellant's probation officer, testified that the appellant had come to her officer on December 11, 1974 and asked Miss Herman to determine why the police were after her. Miss Herman confirmed the fact that

a warrant had been issued for appellant's arrest and encouraged the appellant to turn herself in. Miss Herman also testified that during the term of appellant's probation it had been almost impossible to find Mrs. Torres at her listed address of 3747 West Wier although messages could be relayed to her by giving them to individuals at that address. We believe that the efforts made by the Phoenix Police Department to apprehend the appellant following indictment combined with the appellant's knowledge that she was the subject of an outstanding arrest warrant sufficiently support our conclusion that appellant was not denied her right to a speedy trial when the trial court excluded this period from the time limits under 17 A.R.S. 1973 Rules of Criminal Procedure, rule 8.4(a). This delay was fully occasioned by the defendant's actions in eluding arrest.

■ In her second argument appellant contends that her in-court identification by Officer Andrade should have been suppressed because the pre-trial method of identification was unduly suggestive and tainted the in-court identification. *Simmons v. U. S.,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *State v. Dessureault,* 104 Ariz. 380, 453 P.2d 951 (1969), *cert. den.,* 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970). We do not agree. Testimony at the pre-trial hearing set forth the circumstances under which the alleged illegal sale of heroin took place. Officer Andrade had ridden in the same car with the appellant for more than an hour on the evening of March 1, 1974. During that time the appellant left the vehicle for only two brief periods. Following the transaction Officer Andrade returned to the Phoenix Police Department where he checked the license plate number of the black Oldsmobile in which he was riding and which had been driven by appellant's male companion. That check revealed that the vehicle was registered to Brian Cassells. Officer Andrade called Mr. Cassells who then revealed that the woman he had been with on that evening was named either "Lulu" or "Mary Lou." After giving the name and descrip-

tion of the woman he had bought the pack-- ets of heroin from to Detective Lucas, the latter supplied Officer Andrade with a police identification file containing a photo of Mary Lou Torres. Officer Andrade at that time confirmed that the photo was of the woman who had sold him the heroin. Appellant argues that this use of a single photograph to identify her was unduly suggestive and that Officer Andrade's later reference to that photo prior to trial also tainted his in-court identification. Officer Andrade had ample opportunity to observe the appellant during the time they were riding together prior to the transaction. When he looked at the police identification file photograph Officer Andrade had already identified the appellant as the one who had sold him the heroin. The identification file was only used to ascertain the full name and record of the person from whom he had bought the narcotics. *State v. Milonich,* 111 Ariz. 442, 532 P.2d 504 (1975); *State v. Lee,* 110 Ariz. 357, 519 P.2d 56 (1974).

Appellant further argues that the trial court failed to comply with the procedures set forth in *State v. Dessureault, supra,* because it did not set forth specific findings of fact that the pre-trial identification was not unduly suggestive. We have previously stated that the accuracy of an in-court identification of the defendant as affected by pre-trial procedures are preliminary questions for the trial judge and his determination will not be overturned on appeal absent clear and manifest error. *State v. Milonich, supra.* The trial judge's denial of appellant's motion to suppress the in-court identification is adequately supported by the record in this case and that ruling satisfies the requirements of *State v. Dessureault, supra.*

Finally, appellant argues that the trial court should have granted her a new trial. During cross-examination, Officer Andrade testified that he had made only one previous misidentification of a suspect in a similar drug sale case. Shortly after the conclusion of appellant's trial, Officer Andrade testified in another proceeding that he had made two misidentifications in addition to the one he acknowledged in the case before us. Appellant sought to vacate the judgment in her case on the grounds that she had newly discovered evidence. She also sought to continue the hearing on her pending Motion for New Trial until a transcript of the officer's testimony at the subsequent trial could be typed and presented to the trial court for consideration. The trial judge's denial of these motions is now challenged on appeal. We believe the trial court's rulings were correct.

Appellant's only purpose for seeking the admission of evidence regarding other misidentification was to impeach Officer Andrade. Regardless of whether the evidence was newly discovered within the meaning of 17 A.R.S. Rules of Criminal Procedure, rule 24.2(a)(2), this court has stated that a new trial will not be granted on the basis of any evidence which is merely impeaching. *State v. Thurston,* 100 Ariz. 297, 413 P.2d 764 (1966). The proffered evidence only contradicted irrelevant collateral matters and did not go to the proof or disproof of the illegal drug sale in this case. *State v. Williams,* 111 Ariz. 511, 533 P.2d 1146 (1975); *State v. Mangrum,* 98 Ariz. 279, 403 P.2d 925 (1965).

The judgment and sentence of the trial court are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.