653 P.2d 36
**STATE of Arizona, Appellant,**

v.

**Robert R. VAN ARSDALE, Appellee.**

**No. 1 CA–CR 5471.**

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 10, 1982.
Rehearing Denied Oct. 6, 1982.
Review Denied Oct. 26, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Philip J. MacDonnell, Chief Counsel, Prosecutions Div., David R. McCormack, Asst. Attys. Gen., Phoenix, for appellant.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Deputy Public Defender, Phoenix, for appellee.

## OPINION

JACOBSON, Presiding Judge.

The sole substantive issue raised by this appeal is whether the preindictment delay in this case resulted in a denial of due process. Corollary to the substantive issue is whether the state has the right to appeal the dismissal in this case so as to call into question the ruling on the substantive issue.

On January 6, 1981, the Maricopa County Grand Jury returned an indictment against appellee/defendant Robert R. Van Arsdale charging him with the offenses of grand theft by embezzlement, fraudulent schemes and artifices, fraud in the sale of securities, sale of unregistered securities and sale of securities by an unregistered dealer and salesman. The indictment alleged that the offenses occurred between October, 1977 and June, 1978.

Because of the lapse of time between the alleged offenses and the indictment, the defendant filed a pretrial motion to dismiss, claiming undue preindictment delay. A hearing was held on the issue on June 10, 1981. Thereafter, on June 18, 1981, the trial court granted defendant's motion to dismiss the indictment. The state then filed a timely notice of appeal on June 24, 1981, appealing from the trial court's dismissal order pursuant to A.R.S. § 13-4032(1).

Before reaching the state's argument that the trial court erred in granting the motion to dismiss, we must first address the jurisdictional question presented in the defendant's answering brief.

The defendant claims that the state's right to appeal should be governed by former A.R.S. § 13-1712, the statute in effect at the time of the commission of the alleged crimes, and not by A.R.S. § 13-4032(1), the statute in effect when the state's appeal was taken. The defendant argues that under the former statute the state was without authority to appeal from an order dismissing an indictment when the dismissal was based upon preindictment delay. *See State v. Lopez,* 26 Ariz.App. 559, 550 P.2d 113 (1976), *approved State v. Fayle,* 114 Ariz. 219, 560 P.2d 403 (1976).

■ We assume that by this argument the defendant is contending that application of the appeal statute in effect at the time of judgment, which was not in effect at the time the crime was committed, constitutes a violation of the *ex post facto* provision of the United States Constitution. We disagree. First, as a general proposition, appeals are governed by statutes in effect at the time that judgments are entered. *See* 4 C.J.S. Appeal and Error § 3 (1957) at page 68; *Glidden v. State,* 301 A.2d 539 (Me., 1973). Second, and more importantly, in order for a law to be *ex post facto,* it must either (1) make criminal that which was innocent when committed, (2) increase the punishment or aggravate any crime previously committed or (3) alter the rules of evidence by receiving less or different proof than required at the time of the commission, or (4) deprive the accused of a substantial right or immunity possessed at the time of commission. *Gibson v. State of Mississippi,* 162 U.S. 565, 16 S.Ct. 904, 40 L.Ed. 1075 (1896).

■ Legislative granting or withholding of the right to appeal to the state affects none of these factors. Moreover, a defendant does not have a vested right in the remedies and methods of procedure in criminal trials, including the granting of the right to appeal to the state, and the change in such right does not operate as an *ex post facto* law. *Mallett v. North Carolina,* 181 U.S. 589, 21 S.Ct. 730, 45 L.Ed. 1015 (1901).

The state's right to appeal is governed by A.R.S. § 13–4032(1), as amended, Laws, 1980, and since the defendant does not question the right of the state to appeal under this statute, we hold that the state's appeal in this case is properly before us.

Turning to the merits of the appeal, the state argues that the defendant failed to show: (1) that the preindictment delay was intentionally designed to give the prosecutor a tactical advantage or to harass the defendant and, (2) that the delay caused the defendant actual and substantial prejudice. These factors, the state claims, must be proven by a defendant before a prosecution may be dismissed based upon preindictment delay. In support of this argument, the state cites *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), *State v. Hall,* 129 Ariz. 589, 633 P.2d 398 (1981) and *State v. Torres,* 116 Ariz. 377, 569 P.2d 807 (1977).

While there is language in *Hall* and *Torres* suggesting that both of these factors must be established by a defendant to prevail on an argument of preindictment delay, it is clear from a closer reading of *Lovasco* and *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), that the ultimate question is whether there has been a violation of fundamental due process.[1] *See United States v. Walker,* 601 F.2d 1051 (9th Cir., 1979). Nevertheless, we agree with state that the record does not support the trial court's order of dismissal.

In *Lovasco,* the Court noted that statutes of limitation are the primary guard against stale prosecutions. In discussing the limit-ed role of the due process clause, the Court stated:

[P]roof of prejudice is generally a necessary but not sufficient element of a due process claim, and . . . the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused.

431 U.S. at 790, 97 S.Ct. at 2048–49, 52 L.Ed.2d at 759. The court went on to hold that an 18 month delay between the time of the offense and the indictment did not violate Lovasco's right to due process where the delay was based upon additional investigation of other potential defendants even though Lovasco's defense might have been somewhat prejudiced by the lapse of time.

In the case at bar, as noted by the state, the defendant's indictment was issued more than 20 months before the expiration of the statute of limitations on any count. *See* A.R.S. § 13–106(B). The only potential prejudice shown by the defendant resulting from the delay was the unavailability of a witness named Charlie Brown. The defendant claimed that Brown could have testified that the defendant was not present when one of the alleged fraudulent misrepresentations was made. The defendant's other claim of prejudice because of the death of John Lewis, another alleged favorable witness, was negated by agent Cottrell's affidavit showing that Lewis died approximately three months before the crimes were reported. All other alleged prejudice, such as faded memories, were natural incidents of delay.[2]

---

1. The Court reiterated in *United States v. Lovasco,* 431 U.S. at 796–97, 97 S.Ct. at 2052, 52 L.Ed.2d at 763–64:

    In *Marion* we conceded that we could not determine in the abstract the circumstances in which preaccusation delay would require dismissing prosecutions. [Citation omitted]. More than five years later, that statement remains true. Indeed, in the intervening years so few defendants have established that they were prejudiced by delay that neither this Court nor any lower court has had a sustained opportunity to consider the constitutional significance of various reasons for delay. We therefore leave to the lower courts, in the first instance, the task of apply-ing the settled principles of due process that we have discussed to the particular circumstances of individual cases.

2. In *United States v. Marion,* 404 U.S. at 325–26, 92 S.Ct. at 466, 30 L.Ed.2d at 482, the Court noted:

    Appellees rely solely on the real possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost. In light of the applicable statute of limitations, however, these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial and to therefore justify the dismissal of the indictment.

**582**

This minimal prejudice, as in *Lovasco,* is insufficient to support a dismissal of the prosecution when considered in light of the reason for delay; that is a continuing investigation.

 Agent Cottrell testified that he first became involved in the investigation against Van Arsdale in late 1978, and first personally interviewed the victim, John Ydrem, in February, 1979. His participation in the case required reviewing over 100 pounds of documents in a complex prosecution involving satellite investigations of other potential defendants. He further testified that although his review of the documents in relation to the defendant Van Arsdale was completed after approximately one year, the analysis of the documents in relation to the potential co-defendants was still continuing at the time of the hearing. Additionally, during 1979 and 1980 he was involved in various meetings with prosecutors, subpoenaed bank records and prepared flow charts on the cases. This testimony was unrebutted as was his testimony that there was no intentional delay on his part nor any requests for delay by the prosecutor. Under these facts, we find that the minimal prejudice when weighed against the reasons for and length of delay does not amount to a violation of the " 'fundamental conceptions of justice which lie at the base of our civil and political institutions' [citations omitted] and which define 'the community's sense of fair play and decency.' [citation omitted]." *United States v. Walker, supra* at 1055.

The order dismissing the indictment is reversed and this matter is remanded to the trial court for further proceedings.

GRANT, J., and RICHARD M. DAVIS, J. pro tem., concur.

*Note:* The Honorable RICHARD M. DAVIS, a Judge *pro tempore* of a court of record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 20.