937 P.2d 381

**STATE of Arizona, Appellant,**

v.

**Donald Richard LEMMING, Appellee.**

No. 1 CA–CR 96–0496.

Court of Appeals of Arizona,
Division 1, Department E.

April 17, 1997.

As Amended May 7, 1997.

Richard M. Romley, Maricopa County Attorney by Diane E. W. Gunnels, Deputy County Attorney, Phoenix, for Appellant.

Roger J. Blake, Phoenix, for Appellee.

### OPINION

KLEINSCHMIDT, Judge.

The State appeals the dismissal with prejudice of two counts of aggravated driving while under the influence of intoxicating liquor (DUI). *See* Ariz.Rev.Stat. Ann. (A.R.S.) § 13–4032(1). The dismissal was based on the trial court's finding that the Defendant's right to a speedy trial had been violated. The issue on appeal is whether the trial court erroneously applied the provisions of Rule 8.2(a), Arizona Rules of Criminal Procedure, to the facts of this case and, if so, whether the dismissal with prejudice was otherwise justified on due process grounds. Because we conclude that Rule 8 does not apply in this case, and because the Defendant has failed to establish that the State caused the delay to gain a tactical advantage and has failed to demonstrate the requisite prejudice required for dismissal for a due process violation, we reverse and remand this matter to the trial court for further proceedings.[1]

On April 20, 1994, the Defendant was arrested and cited for DUI. He was detained at the Glendale jail for approximately one hour and was then released on his own recognizance, with directions to appear for a preliminary hearing at the Glendale Justice Court. He testified that he appeared on the scheduled date and was told by court personnel that "there had been no charges filed against me and to go on my way." Then, in December 1995, the county attorney swore out a complaint in the Glendale Justice Court, and in January 1996, the Defendant

was served with a summons and made his initial appearance.

On February 14, 1996, the Defendant signed a waiver of preliminary hearing, was held to answer before the superior court, and was released on his own recognizance. An information was filed on February 22, 1996.[2] The Defendant was arraigned on February 27, entered a plea of not guilty, and was assigned a trial date of May 16, 1996.[3]

On May 2, 1996, the Defendant moved to dismiss the information on the basis that the speedy trial requirements of Rule 8.2(a), Arizona Rules of Criminal Procedure, had been violated by the delay between his initial arrest on the date of the offense and the subsequent prosecution. The Defendant relied primarily on this court's decision in *Humble v. Superior Court,* 179 Ariz. 409, 880 P.2d 629 (App.1993).

The State responded, arguing that the Defendant's Rule 8 speedy trial rights had not been violated, nor had any other constitutional right to a speedy trial. After a hearing, the trial court granted the Defendant's motion, without explanation, and dismissed the charges with prejudice. The State timely appealed from this order.

■ We review an order granting a motion to dismiss criminal charges for an abuse of discretion or for the application of an incorrect legal interpretation. *State v. Sandoval,* 175 Ariz. 343, 347, 857 P.2d 395, 399 (App.1993); *see also Quigley v. City Court of the City of Tucson,* 132 Ariz. 35, 36–37, 643 P.2d 738, 739–40 (App.1982).

On appeal, the State contends that the trial court erred in dismissing the case. It argues that the time limits of Rule 8 and the reasoning of *Humble* do not apply to the delay

---

**1.** We are simultaneously filing an opinion in *State v. Medina,* 1 CA–CR 96–0439, in which we discuss the same issues raised here as they relate to somewhat different facts.

**2.** A criminal prosecution must begin with an indictment or an information. Ariz. Const. art. 2, § 30. *See also State v. Meeker,* 143 Ariz. 256, 693 P.2d 911 (1984). An information must be preceded by the filing of a complaint and a finding of probable cause. *See* Ariz. R.Crim. P. 2.1 (misdemeanors), 2.2 (felonies), 5.4 (determi-

nation of probable cause) and 13.1(b) (information).

**3.** By the State's calculations, the Defendant's "last day" for trial pursuant to the time limits of Rule 8 was May 30, 1996, as calculated as the greater of 120 days from Defendant's initial appearance or 90 days from his arraignment in superior court. *See* Rule 8.2(c). That time limit had not expired when the Defendant filed his motion to dismiss.

between the Defendant's initial arrest and indictment. Rather, the State says, the trial court should have applied the more stringent due process standard which requires a showing that preindictment delay was intended by the State to gain a tactical advantage and that such delay caused "actual and substantial prejudice." *See State v. Broughton,* 156 Ariz. 394, 752 P.2d 483 (1988). The State contends that the trial court erroneously dismissed the charges with prejudice because the Defendant did not meet this burden.

## RULE 8 DOES NOT APPLY TO PREINDICTMENT DELAY

Rule 8.2(a) provides:

Every person against whom an indictment, information or complaint is filed shall be tried by the court having jurisdiction of the offense *within 150 days of the arrest or service of summons under Rule 3.1* except for those excluded periods set forth in Rule 8.4 below.

(Emphasis added.)

The Defendant's primary argument for dismissal is that this rule was violated by the passage of time between his initial "arrest" for DUI on the date of the offense in April 1994, and his scheduled trial date in mid–1996. Because the State had not established due diligence in serving him with notice of the charges, he argues, this lengthy delay in prosecution was presumptively prejudicial, entitling him to dismissal of the charges with prejudice. *See Humble v. Superior Court,* 179 Ariz. 409, 880 P.2d 629 (App.1993).

The State contends, however, that Rule 8.2(a) was not violated in this case because the arrest date referred to in the rule does not occur until a defendant is arrested pursuant to a warrant issued under Rule 3.1,[4] which does not occur until a defendant is charged by complaint, indictment, or information. Thus, the State argues, Rule 8.2(a) was not triggered by the Defendant's initial arrest on the date of the offense, and the reasoning of *Humble* does not apply to the

preindictment delay in this case. Therefore, the State says, the applicable speedy trial limitation was "within 120 days from the date of the [Defendant's] initial appearance before a magistrate on the complaint, indictment or information, or within 90 days from the date of [his] arraignment before the trial court, whichever is the greater." Ariz. R.Crim. P. 8.2(c).

■ The State's interpretation of Rule 8.2(a) is correct. Our supreme court has rejected the argument that Rule 8.2(a) measures the period from the date of the initial arrest prior to the filing of a complaint, indictment or information. *See State v. Hall,* 129 Ariz. 589, 592, 633 P.2d 398, 401 (1981) (speedy trial rights upon "arrest" within meaning of Rule 8.2(a) attach "only upon indictment"). Our courts have consistently held that speedy trial rights do not attach under either our constitution or under the procedural rules enacted to implement the constitutional provisions until a prosecution is commenced or a defendant is held to answer. *See State v. Torres,* 116 Ariz. 377, 378, 569 P.2d 807, 808 (1977); *State v. Burrell,* 102 Ariz. 136, 137, 426 P.2d 633, 634 (1967); *State v. Maldonado,* 92 Ariz. 70, 373 P.2d 583 (1962), *cert. denied,* 371 U.S. 928, 83 S.Ct. 299, 9 L.Ed.2d 236 (1962).

■ Additionally, in the specific area of DUI prosecutions, the former strict application of Rule 8.2(a) to require a trial within 150 days of initial "arrest" whether or not the charges were "scratched" and then refiled, was abrogated retroactively by our supreme court. *State v. Mendoza,* 170 Ariz. 184, 823 P.2d 51 (1992) (overruling *Hinson v. Coulter,* 150 Ariz. 306, 723 P.2d 655 (1986)). Thus, if charges against a criminal defendant are initially dismissed and later refiled by the state, the 150–day limit of Rule 8.2(a) "begins anew." *Id.* at 187, 823 P.2d at 54. Rule 8 is not a "statute of limitations" within which the state must bring an action against a defendant, but merely a limitation on when a trial must be held after that action is brought.

4. Rule 3.1 provides for issuance of an arrest warrant or summons "[u]pon presentment of an indictment, or on a finding of reasonable cause made pursuant to Rule 2.4...." Ariz. R.Crim. P. 3.1(a). Rule 2.4 requires a magistrate to de-

termine, upon the filing of a complaint, whether reasonable cause exists to believe an offense has been committed and the defendant committed it, and, if so, to proceed under the provisions of Rule 3.1.

*Id.* at 193, 823 P.2d at 60. The state may statutorily commence an action for prosecution of class 4 felonies, such as the charges in this case, within seven years from their commission. A.R.S. § 13–107(B). An action is "commenced," within the meaning of the statute of limitations, "when an indictment, information or complaint is filed." A.R.S. § 13–107(C).

Rule 8.2(a) therefore does not limit the state's ability to try a criminal defendant to a period within 150 days of his initial detention on the date of the offense, regardless of when the charges are filed against him. To the extent the trial court applied the provisions of Rule 8.2(a) to find a speedy trial violation that warranted a dismissal with prejudice, such was an abuse of discretion.

## THE DEFENDANT DID NOT SHOW THAT HIS DUE PROCESS RIGHTS WERE VIOLATED BY THE PREINDICTMENT DELAY

█ The State further argues that, assuming that Rule 8 does not apply to the case, dismissal with prejudice was not warranted for any preindictment delay because such delay did not violate the Defendant's due process rights under the Arizona or United States Constitutions. *See* U.S. Const., amends. V, VI; Ariz. Const. art. 2 § 24. Separate and apart from any speedy trial rights, "the Due Process Clause has a limited role to play in protecting against oppressive delay." *United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977) (citing *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)). Under *Marion,* actual prejudice is necessary to establish a due process violation, and intentional delay by the prosecution to gain a tactical advantage would require dismissal of the charges. 404 U.S. at 324, 92 S.Ct. at 465. In *Lovasco,* the Supreme Court distinguished intentional tactical delay from investigative delay, and held that investigative delay does not violate due process, even if a defendant's "defense might have been somewhat prejudiced by the lapse of time." 431 U.S. at 795–96, 97 S.Ct. at 2051–52.

Arizona courts have interpreted *Marion* and *Lovasco* to require that a defendant show intentional delay by the prosecution to obtain a tactical advantage, and actual and substantial prejudice as a result of the delay. *State v. Lacy,* 187 Ariz. 340, 346, 929 P.2d 1288, 1294 (1996) ("Moreover, even in cases where an accused experiences some prejudice from a lapse of time, prosecutions following investigative delays do not necessarily offend due process."); *State v. Williams,* 183 Ariz. 368, 379, 904 P.2d 437, 448 (1995); *State v. Broughton,* 156 Ariz. 394, 397–98, 752 P.2d 483, 486–87 (1988); *State v. Hall,* 129 Ariz. 589, 592–93, 633 P.2d 398, 401–02 (1981).

█ The Defendant has failed to make the necessary showing that would warrant dismissal. First, he has wholly failed to allege or demonstrate that the State intentionally delayed to gain a tactical advantage. Further, while the Defendant may have shown some prejudice, he has not shown actual and substantial prejudice. There is not much Arizona case law on just what a defendant must show to establish actual and substantial prejudice. In *State v. Torres,* 116 Ariz. 377, 379, 569 P.2d 807 (1977), our supreme court said that the unavailability of a witness, without more, is not enough to establish prejudice. In *State v. Dunlap,* 187 Ariz. 441, 930 P.2d 518 (1996), we elaborated on that to require a showing that the witness would have testified, that the witness would have been credible to a jury and that the testimony would have affected the trial's outcome. To show actual and substantial prejudice under federal case law, the defendant's ability to meaningfully defend himself must actually be impaired. *United States v. Cederquist,* 641 F.2d 1347, 1351 (9th Cir.1981). To establish actual impairment, a defendant must show that a defense witness became unavailable during the delay, that such witness would have testified on the defendant's behalf, the substance of the testimony, and that such testimony is not available through substitute sources. *United States v. Bartlett,* 794 F.2d 1285, 1289–90 (8th Cir.1986); *Cederquist,* 641 F.2d at 1351 (ability to meaningfully defend not actually impaired because defendant's briefs reveal that substitutes for lost evidence exist). The detail provided by the defendant must be sufficient for a court

to determine whether the missing witness is material to the defense. *Bartlett*, 794 F.2d at 1290.

The Defendant's claim is that he had only one beer about 12:50 or 12:55 a.m. while he was restocking the bar. This was about a half hour before he was arrested at 1:27 a.m. His allegation of prejudice resulting from the preindictment delay was that five defense witnesses were no longer available, four having died and one having moved from the state to an unknown address. Defense counsel asserted that these witnesses, who were at the bar with him, would have been able to testify that the Defendant was sober within minutes before his arrest. At a hearing on the issue, the Defendant testified that he last saw one of the missing witnesses at 12:30 or 12:40 a.m. A second such witness had left the bar at midnight. The Defendant provided no detailed information regarding the departure times of the three remaining witnesses, testifying only that they were at the bar that night and left before he began drinking. Thus, the testimony would have been of marginal relevance. To add to that, the Defendant's testimony at the hearing on the motion to dismiss demonstrates that an-

other person, the bar manager, was present a few minutes before the Defendant left the bar. Thus, the Defendant failed to show that the missing testimony was not available from a substitute source. The Defendant has not shown actual and substantial prejudice.

In summary, we conclude that the 150–day time limit of Rule 8.2(a) did not apply to the preindictment delay in this case. Additionally, the Defendant failed to show that the State caused the delay to gain a tactical advantage, and, finally, the Defendant's attempt to establish actual and substantial prejudice is weak. We conclude that the trial court abused its discretion in dismissing the information with prejudice. The order for dismissal is reversed, and this matter is remanded to the trial court for further proceedings.

WEISBERG, P.J., and VOSS, J., concur.