NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

EDGAR PABON GARCIA, *Appellant*.

No. 1 CA-CR 14-0699
FILED 10-27-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-146864-002
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Hopkins Law Office PC, Phoenix
By Cedric Martin Hopkins
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Peter B. Swann joined.

**J O N E S**, Judge:

**¶1**            Edgar Garcia appeals his convictions and sentences for one count of aggravated robbery, one count of kidnapping, and one count of first-degree murder.  We conclude the trial court did not err in denying his motion for judgment of acquittal nor in denying his motion to dismiss for pre-indictment delay.  Accordingly, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**            In August 2005, Garcia arrived at the home of an acquaintance, Fabian Mendez, in a Cadillac owned by the victim.  According to Mendez's testimony, Garcia knocked on his door and asked if he wanted to rob the victim, who was drunk in the back seat of the car.  Mendez said no but asked Garcia for a ride to the mall.  Garcia agreed to take Mendez to the mall and, while in the mall's parking lot, again tried to persuade Mendez to help rob the victim.  Mendez again said no.  Garcia then asked if Mendez would go with him to run some errands and buy beer.  Mendez agreed, and they began driving west.

**¶3**            Mendez testified that Garcia pulled off the road around 339th Avenue and Indian School Road and asked Mendez to open the back door of the car.  Mendez got out of the car and opened the back door, and Garcia dragged the victim out of the car.  Garcia then told Mendez he was going to kill the victim and asked Mendez for help as he was dragging the victim away from the car.  Mendez declined and stayed with the car.

**¶4**            Garcia returned to the car and grabbed a knife.  After some time passed, Mendez started the car, honked the horn, revved the engine, and told Garcia he would leave if Garcia did not hurry up.  Shortly

---

[1]        We view the facts in the light most favorable to upholding the jury's verdict and resolve all reasonable inferences against the defendant. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

thereafter, Garcia returned to the car with the victim's wallet, admitted to having killed the victim, and put the knife in the car's center console.

¶5        Garcia drove the car back toward Phoenix, stopping once for gas and beer.  Shortly after leaving the gas station, a police officer pulled Garcia over for speeding.  The officer approached the car and asked if there were any weapons in the car, whereupon Garcia turned over the knife which had no noticeable blood on it.  Mendez then announced he was "going to run," grabbed his beer, exited the car, and ran away.[2]  Although Mendez was also charged with first-degree murder, kidnapping, and aggravated robbery, he pled guilty to manslaughter in exchange for testifying truthfully at Garcia's trial.

¶6        Garcia was arrested for failing to present identification when requested by the officer, and the victim's wallet and identification were found in Garcia's pocket during a search incident to arrest.  Mendez successfully escaped but was later arrested.  When the officer asked Garcia why he was driving a car registered in someone else's name, Garcia told the officer the victim had sent Garcia and Mendez to Phoenix in the car following a drug transaction in California.

¶7        In October 2005, the Drug Enforcement Administration intercepted a telephone call between Garcia and another individual where Garcia discussed a need to bury a body.  Based on this information, deputies with the Maricopa County Sheriff's Office were able to locate the victim's body.  In November 2005, the victim's car was processed, and blood stains were found on the back side of the front passenger seat which contained the victim's DNA.  The knife, which was mistakenly left in the trunk of the officer's car until November 2005, was tested in 2006 and 2010, but no blood was found.

¶8        On September 13, 2012, Garcia was indicted on one count of aggravated robbery in violation of Arizona Revised Statutes (A.R.S.) section 13-1903(A),[3] one count of kidnapping in violation of A.R.S. § 13-1304(A)(6), and one count of first-degree murder in violation of A.R.S. § 13-1105(A)(2). In December 2013, Garcia moved to dismiss the charges for pre-indictment delay "of almost seven years."  The trial court denied the motion, and the case proceeded to trial.  At trial, following the State's presentation of its

---

[2]        Mendez successfully escaped but was later arrested.

[3]        Absent material changes from the relevant date, we cite a statute's current version.

case, Garcia's counsel moved for judgment of acquittal on all charges, pursuant to Arizona Rule of Criminal Procedure 20, which the court also denied. The jury convicted Garcia on all counts, and the trial court sentenced Garcia to concurrent sentences of fifteen years' imprisonment for aggravated robbery, twenty-one years' imprisonment for kidnapping, and life imprisonment for first-degree murder. Garcia timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶9** Garcia argues the trial court erred in denying his motion to dismiss for pre-indictment delay. We review the trial court's decision on a motion to dismiss for an abuse of discretion. *State v. Hansen*, 156 Ariz. 291, 294 (1988) (citing *State v. Pickett*, 121 Ariz. 142, 145 (1978)). Garcia also argues the court erred in denying his motion for judgment of acquittal because the State presented insufficient evidence for a reasonable jury to convict him of aggravated robbery. We review the sufficiency of the evidence to support a conviction *de novo*. *See State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011) (citing *State v. Bible*, 175 Ariz. 549, 595 (1993)). We address each argument in turn.

## I. The Trial Court Did Not Err in Denying Garcia's Motion to Dismiss for Pre-Indictment Delay.

**¶10** The statute of limitations is a defendant's primary protection against due process violations arising from stale prosecutions. *See State v. Broughton*, 156 Ariz. 394, 397 (1988) (citing *United States v. Lovasco*, 431 U.S. 783, 789 (1977), and *State v. Van Arsdale*, 133 Ariz. 579, 581 (App. 1982)). Here, Garcia's motion to dismiss was not premised upon expiration of the statute of limitations, but rather the State's pre-indictment delay of "nearly seven years."[4]

**¶11** A dismissal for pre-indictment delay requires the defendant show "the prosecution intentionally delayed proceedings to gain a tactical advantage over the defendant or to harass him, *and* that the defendant has actually been prejudiced by the delay." *Id.* (citations omitted). While any

---

[4] Garcia does not dispute that the State filed the charges against him within the applicable limitations periods. *See* A.R.S. § 13-107(A) ("A prosecution for any homicide . . . may be commenced at any time."), (B)(1) (setting seven-year limitations period for aggravated robbery and kidnapping).

delay in bringing criminal charges results in some degree of prejudice, the defendant "must demonstrate prejudice above and beyond that which is inherent in the workings of a clogged judicial system" by proof that is "definite and not speculative." *See id.* at 397-98 (citations omitted).

**¶12**   Garcia fails to satisfy either requirement. Although Garcia argues at length that the State has failed to justify the delay, the burden is on Garcia, and he has presented no proof that the State intentionally delayed prosecution to obtain a tactical advantage or to harass him. *See State v. Lacy*, 187 Ariz. 340, 346 (1996) (holding a motion to dismiss for pre-indictment delay must fail "[a]bsent proof of an intentional delay for strategic or harassment purposes") (citing *Stoner v. Graddick*, 751 F.2d 1535, 1541 (11th Cir. 1985)).

**¶13**   Moreover, the prejudice Garcia asserts is merely speculative. He contends "any evidence that could have been collected at or near the scene is lost," and "videos" were no longer available. There is no proof that on-the-scene evidence or unidentified video evidence ever existed, let alone any indication as to whether it would have bolstered Garcia's defense.[5] Therefore, Garcia's argument fails, and the trial court did not err in denying Garcia's motion to dismiss for pre-indictment delay.

## II. The Trial Court Did Not Err in Denying Garcia's Motion for Judgment of Acquittal.

**¶14**   A court must enter judgment of acquittal "if no substantial evidence supports the conviction." *State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004) (citing Ariz. R. Crim. P. 20). "Substantial evidence is that which reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *Id.* A court cannot, however, enter a judgment of acquittal "[w]hen reasonable minds may differ on inferences drawn from the facts." *State v. Lee*, 189 Ariz. 590, 603 (1997) (citing *State v. Landrigan*, 176 Ariz. 1, 4 (1993)).

---

[5]  Garcia also urges us to presume prejudice where he argues there were nearly seven years of pre-indictment delay. Garcia cites no support for this proposition, which is contrary to established case law. *See Broughton*, 156 Ariz. at 397 ("[A] defendant has a heavy burden to prove pre-indictment delay caused actual prejudice.") (citing *United States v. Valentine*, 783 F.2d 1413, 1416 (9th Cir. 1986)).

**¶15**         We test the sufficiency of the evidence "against the statutorily required elements of the offense." *State v. Pena*, 209 Ariz. 503, 505, ¶ 8 (App. 2005). Here, Garcia only argues insufficient evidence existed to convict him of aggravated robbery. Under A.R.S. § 13-1903, "[a] person commits aggravated robbery if in the course of committing robbery as defined in § 13-1902, such person is aided by one or more accomplices actually present."[6] Garcia does not dispute that sufficient evidence supports a guilty finding on the underlying robbery but asserts there is insufficient evidence that Mendez aided him as an accomplice in committing the robbery to support a conviction for aggravated robbery.

**¶16**         By its terms, A.R.S. § 13-1903 requires proof that another person, the accomplice, assisted "in the course of committing robbery." An accomplice is a person who, intending to promote or facilitate the robbery:

> 1.     Solicits or commands another person to commit the offense; or
>
> 2.     Aids, counsels, agrees to aid or attempts to aid another person in planning or committing an offense[; or]
>
> 3.     Provides means or opportunity to another person to commit the offense.

A.R.S. § 13-301. "In the course of committing" is defined as "includ[ing] any of the defendant's acts beginning with the initiation and extending through the flight from a robbery." A.R.S. § 13-1901(2).

**¶17**         We conclude sufficient evidence exists upon which a reasonable jury could find Mendez aided Garcia in the course of robbing the victim. Although mere presence at the scene of a robbery is not sufficient for a jury to find one person aided in its commission, *see State v. Villegas*, 101 Ariz. 465, 467 (1966) (citing *State v. Sims*, 99 Ariz. 302, 308 (1965)), a reasonable jury could conclude Mendez was not "merely present," but rather had the intent to assist Garcia in robbing the victim. Although Mendez testified he repeatedly turned down Garcia's requests to help rob the victim, the evidence indicates Mendez nevertheless got into the car knowing Garcia intended to rob the victim, opened the door of the car

---

6         Pursuant to A.R.S. § 13-1902(A), "[a] person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property."

so Garcia could remove the apparently unconscious victim after they stopped in a desolate area of Maricopa County, stayed with the car even after Garcia returned to retrieve a knife, turned the car on, commanded Garcia to "hurry up" during the time period Garcia was admittedly robbing and killing the victim, observed Garcia getting back into the car with the knife and the victim's wallet, and fled from a traffic stop made by a police officer shortly after the two had left the scene of the robbery and murder. Given the existence of substantial evidence, the trial court had no discretion to grant Garcia's motion for judgment of acquittal of aggravated robbery, and we find no error.

## CONCLUSION

¶18　　　　For the foregoing reasons, we affirm Garcia's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama